UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

v                                    Case No: 1:03-cr-00165-GJQ-1

DERRICK PEOPLES #11538-040     HONORABLE GORDON J. QUIST

        Defendant.
_____/

**SUPPLEMENTAL BRIEF TO DEFENDANT'S FIRST STEP ACT MOTION FOR SENTENCE REDUCTION**

On May 10, 2019 this Honorable Court issued an Order Appointing Counsel and Setting Briefing Schedule. In that Order Defendant, through counsel, was required to file a supplemental brief addressing (1) whether Defendant is eligible for a sentence reduction under the FSA; and (2) if so, the impact of the FSA on Defendant's original sentence and the extent of any reduction authorized by the FSA.

**I.   Defendant is eligible for a sentence reduction under the FSA**

In 2010 Congress passed the Fair Sentencing Act of 2010 (Pub.L. 111-220) (hereinafter "FSA") which reduced the disparity between sentences for crack cocaine and powder cocaine. At the time, the FSA was not applied retroactively.

In 2017 Congress passed The Sentencing Reform and Corrections Act which retroactively applied the FSA. Pursuant to Section 404 of the Act, any defendant sentenced before the effective date of the Fair Sentencing Act (August 3, 2010) who did not receive the benefit of the statutory penalty changes made by the FSA is

eligible for a sentence reduction under the First Step Act.

The FSA increased the quantity of crack cocaine that triggered mandatory minimum penalties and maximum penalties. Prior to the FSA, under 21 U.S.C. § 841 mandatory minimums applied when a person possessed 5 grams of crack cocaine. Under the FSA mandatory minimums do not apply until a person possesses 28 grams of crack cocaine. Moreover, the maximum possible sentence was also reduced.

In 2004 Mr. Peoples was convicted of being in possession of 22.18 grams of crack cocaine. Because Mr. Peoples' conviction entered prior to August 3, 2010, and because 22.18 is less than the current statutory minimum of 28 grams of crack cocaine, he is eligible to be resentenced under the FSA.[1]

## II. The impact of the FSA on Defendant's original sentence and the extent of any reduction authorized by the FSA

On October 29, 2004, Mr. Peoples plead guilty to three charges: Count 1 - Felon in Possession of a Firearm, in violation of 18:922(g)(1); Count 2 - Possession with Intent to Distribute 20 grams or more of Cocaine Base in violation of 21:841(a)(1), 841(b)(1)(B)(iii), and 851(a); and Count 3 - Failure to Appear, in violation of 18:3146(a)(1). Mr. Peoples was originally sentenced to 120 months for Count 1, 259 months for Count 2, and 41 months for Count 3. Count 3 was to run consecutive to a concurrent sentence for Counts 1 and 2, totaling a 300-month sentence, when

---

[1] The Government concedes, in its Response to Defendant's First Step Act Motion for Sentence Reduction, that Mr. Peoples is eligible for resentencing.

LEVINE & LEVINE
ATTORNEYS AT LAW
136 East Michigan Avenue
14th Floor
Kalamazoo, MI 49007
(269) 382-0444

2

the sentences for Counts 2 and 3 were added together.[2]

On June 9, 2005 this initial sentence was vacated by the Sixth Circuit Court of Appeals and remanded for re-sentencing which took place on September 1, 2005. At that time, Mr. Peoples was sentenced to 120 months on Count 1, 180 months on Count 2, and 41 months on Count 3. Again, Count 3 was to run consecutive to a concurrent sentence for Counts 1 and 2, but now Mr. Peoples' total Sentence was 221 months. In addition, Mr. Peoples was sentenced to periods of supervised release: 3 years of supervised release for Counts 1 and 3, and 8 years of supervised release on Count 2. The supervised release on all counts is to run concurrently with each other.

Prior to committing the offenses for which he is before this Honorable Court, in 1989 Mr. Peoples had been convicted of Attempted Possession with Intent to Deliver Cocaine and Unarmed Robbery. Because of these offenses Mr. Peoples was sentenced as a career offender in this case under the sentencing guidelines. See USSG4B1.1(b).

At his re-sentencing in September of 2005, Mr. Peoples had a sentencing guideline range of 360 months to life because of the application of USSG4B1.1(b). His sentence of 180 months on Count 2 was 180 months below the guidelines.

The FSA calls for potential sentence reductions for persons

---

[2] Defense Counsel has written this Brief without the benefit of a Pre-Sentence Report or transcripts from the Plea or Sentencing hearings. As such, the information contained in the Brief has been gleaned from various pleadings and documents associated with the case. Defense counsel has requested the

LEVINE & LEVINE
ATTORNEYS AT LAW
136 East Michigan Avenue
14th Floor
Kalamazoo, MI 49007
(269) 382-0444

3

who could benefit from the statutory penalty changes made by the law. The FSA reduces the statutory maximum that had originally applied to Count 2 from life to 30 years [3] because, under the FSA, Mr. Peoples guidelines are less, the statutory maximum associated with his offense, even as a career offender, are less. Put differently, the retroactive nature of the FSA, as applied through the First Step Act, lowers the maximum penalty for the underlying offense which then reduces Mr. Peoples' offense level on the career offender guidelines. So, Mr. Peoples' guidelines are now actually lower than at the time of his re-sentencing.

Mr. Peoples is now seeking a nine (9) month reduction in his sentence based on a proportionality-type argument to the sentence that he was originally given. At the time of re-sentencing, this Honorable Court found it equitable to sentence Mr. Peoples below the guidelines. Specifically, Mr. Peoples received a sentence on Count 2, even as a career offender, that was 180 months lower than the bottom end of the guideline range. It is believed[4] that, after the application of the FSA, Mr. Peoples' guideline range is now 262 months - 327 months. If this Court were again to depart downward 180 months from the top end of the guideline range, Mr. Peoples' sentence would be 147 months. A sentence of 171 months would certainly be proportional to Mr. Peoples' original sentence

---

aforementioned documents and will update this Brief accordingly, if necessary.
[3] The underlying offense is now a 20-year maximum, but Mr. Peoples was convicted as a repeat drug offender increasing the max to 30 years.
[4] Again, because Defense Counsel has not had access to the Presentence Investigation Report it is relying on information presented in other court documents and will be amended, if necessary, upon review of the source documents.

LEVINE & LEVINE
ATTORNEYS AT LAW
136 East Michigan Avenue
14th Floor
Kalamazoo, MI 49007
(269) 382-0444

4

reduction to 221 months, based on the extent of the departure from the original guideline range of 360 to life.

Because the court initially thought it equitable to sentence Mr. Peoples below the guidelines, this Honorable Court should sentence him below the current low-end of the guideline range. Mr. Peoples is seeking a sentence of no more than 171 months on Count 2.

When resentencing a defendant, the Court is not bound by the sentencing guidelines. Under recent United States Supreme Court decisions, sentencing judges are permitted, and even invited, to consider arguments that a particular guideline fails to properly reflect section 3553(a) considerations or reflects unsound judgment. Rita v United States, 127 SCt 2456, 2465, 2468 (2007); Kimbrough v United States, 128 SCt 558 (2007). The Career Offender is one such guideline that does not properly reflect section 3553(a) considerations and it reflects unsound judgment. For an excellent article on why the Career Offender guideline should not be applied, (see *Deconstructing the Career Offender Guideline*, Amy Baron-Evans, Jennifer Coffin and Sara Noonan, April, 2011 at https://www.fd.org/sites/default/files/criminal defense topics/essential topics/sentencing resources/deconstructing the guidelines/deconstructing-the-career-offender-guideline.pdf.) This Honorable Court should resentence Mr. Peoples to a lower sentence, in part, because the Career Offender guideline does not adequately take into consideration the 3553(a) factors and the guideline does not

LEVINE & LEVINE
ATTORNEYS AT LAW
136 East Michigan Avenue
14th Floor
Kalamazoo, MI 49007
(269) 382-0444

5

reflect sound judgment.

This Honorable Court must consider the statutory factors listed at 18 USC 3553 (a). Under 18 USCA 3553(a), the Court must consider a variety of factors in imposing a sentence ". . . <u>sufficient</u>, <u>but</u> <u>not</u> <u>greater</u> than <u>necessary</u> . . ." to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from further crimes of the defendant.

To paraphrase, this Honorable Court must consider such broad factors as: (1) Punishment, (2) Specific Deterrence, (3) General Deterrence, and (4) The Possible Rehabilitation of the offender.

How to weigh the need for and the extent of any punishment necessarily is a discretionary matter that often defies clear logical analysis. Mr. Peoples trusts this Court's good judgment in assessing what need there is for punishment so many years after conviction.

Another factor sentencing courts must consider is the need for the sentence imposed to ". . . afford adequate deterrence to criminal conduct. . ." 18 USC 3553(a)(2)(B). The question arises whether it is effective to impose a greater punishment than is necessary for the individual to make a statement to society at large. There is no empirical research showing a relationship between sentence length and deterrence. The general proposition that deterrence works is true in the limited sense that there is less crime with a criminal justice system than there would be without one; but the precise question is whether any particular

LEVINE & LEVINE
ATTORNEYS AT LAW
136 East Michigan Avenue
14th Floor
Kalamazoo, MI 49007
(269) 382-0444

6

sentence results in decreased crime.

Academic research supports the fact that the length of punishment on one person has little to no effect on whether another will commit a similar offense. A review of the research by the Institute of Criminology at Cambridge University, commissioned by the British Home Office, examined penalties in the United States and Europe and the effects of changes to both the certainty and severity of punishment.[4] While there were significant correlations between the certainty of punishment and crime rates, there were no statistically significant correlations between sentence severity and crime rates.[5] The report concluded that "the studies reviewed do not provide a basis for inferring that increasing the severity of sentences generally is capable of enhancing deterrent effects."[6] (See also Robinson and Darley, <u>The Role of Deterrence in the Formulation of Criminal Law Rules: At Its Worst When Doing Its Best</u>, Georgetown Law Journal 2003, pp. 949-1002, http://papers.ssrn.com/sol3/papers.cfm?abstract_id=661101.)

A 2005 published review on the issue of general deterrence concluded "[t]here is generally no significant association between perceptions of punishment levels and actual levels . . . implying that increases in punishment levels do <u>not</u> routinely reduce crime

---

[4] Andrew von Hirsch, et al, <u>Criminal Deterrence and Sentence Severity: An Analysis of Recent Research</u> (1999). A summary is available at http://members.lycos.co.uk/lawnet/SENTENCE.PDF.
[5] <u>Id.</u> at 2.
[6] <u>Id.</u> at 1. See, also, Robinson and Darley, <u>The Role of Deterrence in the Formulation of Criminal Law Rules: At Its Worst When Doing Its Best</u>, Georgetown Law Journal 2003, pp 949-1002, available at http://papers.ssrn.com/sol3/papers.cfm?abstract_id=661101.

LEVINE & LEVINE
ATTORNEYS AT LAW
136 East Michigan Avenue
14th Floor
Kalamazoo, MI 49007
(269) 382-0444

7

though general deterrence mechanisms. (See Gary Kleck, et al, <u>The Missing Link in General Deterrence Theory</u>, 43 Criminology 623 (2005).)

Counsel knows that this Honorable Court may disagree with this academic research. What appears to be true, however, is that there is no strong support for the proposition that the length of punishment on one person has a significant effect on whether another will commit a similar offense. Counsel for Mr. People's believes that a sentence reduction of nine (9) months is certainly sufficient for any general deterrence effect.

Mr. Peoples is now a low risk to re-offend. The Bureau of Justice Statistics, Special Report, dated June 2002, and attached as Exhibit A, demonstrates that as individuals age, their risk to re-offend decreases. (See page 7.) Moreover, the fact that the risk to re-offend decreases as a person ages is just a well-known fact.

The Bureau of Justice Statistics demonstrates that there is a very strong correlation between the age of release from prison and the rate of recidivism. For those released between the ages of 45-49, the rate of being reconvicted is less than 30 percent, while the rate of being sent back to prison is less than 17 percent. Mr. Peoples is now 48 years old. The statistical likelihood he would re-offend after release is minimal. 18 USC 3553(a) requires that a sentence be no greater than necessary to accomplish the goals of sentencing, including reducing the risk that the particular defendant would re-offend. Reducing Mr. Peoples' sentence by nine

LEVINE & LEVINE
ATTORNEYS AT LAW
136 East Michigan Avenue
14th Floor
Kalamazoo, MI 49007
(269) 382-0444

8

(9) months would satisfy these 3553(a) factors.

Finally, and most importantly from defense counsel's point of view, Mr. Peoples has done an excellent job rehabilitating while in prison. He has done everything possible to prepare himself for his release to live a law-abiding life as an excellent role model for his family and friends. Amongst other things, during his period of incarceration Mr. Peoples has:

1. Not engaged in any serious misconducts that have resulted in a loss of good time;

2. Taken and completed classes offered by the Bureau of Prisons Vocational Training Program in the area of mechanics and computer software;

3. Taken and completed other classes in the areas of real estate, corporate ownership, taxes, stocks/bonds (trading);

4. Taken and completed a SafeServe course to learn how to safely work in the food service industry;

5. Taken and completed a 40-hour substance abuse treatment program;

6. Taken and completed a 6-week Anger Management course;

7. Taken and completed a parenting class; and

8. Taken and completed a Victims Impact Class.

Some certificates commemorating the education that Mr. Peoples has received while incarcerated are attached hereto as Exhibit B.

Ultimately, Mr. Peoples has done what he has needed to do over the past 15 years of his incarceration to learn how not to return to prison. After 15 years of being locked away from society, he sees the world differently; he wants to be a good citizen, a

LEVINE & LEVINE
ATTORNEYS AT LAW
136 East Michigan Avenue
14th Floor
Kalamazoo, MI 49007
(269) 382-0444

9

taxpayer, and a role model of change to others. He will get a good job because he has worked very hard over the past 15 years to learn the skills, both physical skills and mental skills, needed to understand the value of work and to have the ability to be employed. For 15 years Mr. Peoples has had time to learn that he wants to be a better person and to learn the skills needed to be one. He is older, wiser, and more mature. Again, 15 years is a long time to think about how much he wants to be a better person and to learn how to be one.

Simultaneously to his request for a reduction in his sentence, Mr. Peoples is seeking a reduction of his period of supervised release from 8 years to 4 years. Pursuant to the current version of the Federal Sentencing Guidelines, a person convicted of drug trafficking under 21 U.S.C.A. § 841(b)(1)(B) with fewer than two prior convictions for a felony drug offense as defined in 21 U.S.C.A. § 802(44) is subject to an authorized term of supervised release of at least 4 years. Because, if sentenced today, Mr. Peoples would be eligible for a term of supervised release of no less than 4 years, he is asking that this Honorable Court grant him this reduction.

### III. Conclusion

For the reasons stated above, Mr. Peoples is asking that this Honorable Court resentence him on Count 2 and reduce that sentence by nine (9) months. He also requests a reduction in his term of supervised release to four (4) years.

LEVINE & LEVINE
ATTORNEYS AT LAW
136 East Michigan Avenue
14th Floor
Kalamazoo, MI 49007
(269) 382-0444

```
                                        LEVINE & LEVINE


Date: May 31, 2019              By:   /s/ Anastase Markou
                                      Anastase Markou (P45867)
                                      Attorney for Defendant
                                      136 E Michigan Ave
                                      14th Floor
                                      Kalamazoo, MI 49007
```

LEVINE & LEVINE
ATTORNEYS AT LAW

136 East Michigan Avenue
14th Floor
Kalamazoo, MI 49007
(269) 382-0444

11