UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DERRICK PEOPLES,

    Defendant.

_____/

Case No. 1:03:CR:165

HON. GORDON J. QUIST

**ORDER DENYING FIRST STEP ACT MOTION**

    The Court has reviewed Defendant Derrick Peoples's Supplemental Brief filed by counsel. (ECF No. 150.)  The Government did not respond as permitted by the Court's May 10, 2019, Order. (ECF No. 149.)  Although Peoples is *eligible* for relief under the First Step Act, *see United States v. Boulding*, 379 F. Supp. 3d 646, 551–52 (W.D. Mich. 2019), for the following reasons, the Court declines to reduce Peoples's sentence pursuant to the First Step Act.  However, the Court will grant Peoples's request to reduce the term of his supervised release.

    Peoples's initial sentence was as follows: (1) 120 months on Count 1–felon in possession of a firearm; (2) 259 months on Count 2–possession with intent to distribute 20 grams or more of cocaine base; and (3) 41 months on Count 3–failure to appear.  Count 3 was to run consecutive to a concurrent sentence for Counts 1 and 2, totaling a 300-month sentence.  Subsequently, the Sixth Circuit vacated and remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S. ct. 738 (2005).  In August 2005, the Court resentenced Peoples to a total of 221 months imprisonment.  The sentences for Counts 1 and 3 remained the same, but the Court reduced the

crack sentence (Count 2) by 79 months, from 259 months to 180 months. Peoples qualified as a career offender, resulting in an offense level of 37.

The Government concedes that Peoples is "technically eligible for consideration," (ECF No. 147 at PageID.562), but argues that Peoples should not have his sentence reduced under the First Step Act because when he was resentenced in 2005 pursuant to *Booker*, he received a sentence on the crack conviction that was 41 months below the bottom of the guideline range after the Fair Sentencing Act. That is, because Peoples would be subject to a 30-year maximum under the Fair Sentencing Act, his offense level under the career-offender guideline would be 34, instead of 37, resulting in a range of 262 to 327 months. Thus, the Government notes, the 221-month sentence imposed on resentencing is approximately 41 months below the bottom of the guideline range under the Fair Sentencing Act.

Peoples argues that he should receive a nine-month reduction based on proportionality. That is, he argues, at the time of resentencing, the Court found it equitable to sentence Peoples below the guideline range, and as to Count 2 (crack) imposed a sentence 180 months lower than the bottom of the guideline range. Peoples argues that the Court should now apply the same considerations by departing downward 180 months from the top end of the post-Fair Sentencing Act guideline range. (ECF No. 150 at PageID.573–74.) In sum, Peoples argues that a reduction of the sentence on Count 2 to 171 months is reasonable. Incidental to his request for a 9-month reduction, Peoples also seeks a reduction of his period of supervised release on Count 2 from 8 years to 4 years, which reflects what he would receive today if convicted of the same offense.

Upon review, the Court has determined that it will not grant a further reduction based on its 2005 sentence, which was considerably lower than the guidelines then in effect. Peoples has, if not

2

technically, then practically, the benefit of a substantial reduction, which is well below the bottom of the range that would be applicable under the Fair Sentencing Act.

Accordingly, for the foregoing reasons, Peoples's Motion for Modification or Reduction of Sentence under the First Step Act (ECF No. 144) is **DENIED**.  Peoples' request for a reduction of his supervised release from 8 years to 4 years is hereby **GRANTED**.

**IT IS SO ORDERED**.


Dated:  August 9, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE