UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

      Plaintiff,                                                  Case No. 1:03-CR-165

v.                                                               HON. GORDON J. QUIST

DERRICK T. PEOPLES #11538-040,

      Defendant.
_____/

## ORDER DENYING EARLY TERMINATION OF SUPERVISED RELEASE

Defendant, Derrick T. Peoples, has requested an early termination of supervised release. (ECF No. 154).  In support of his request, Peoples states that since he began serving his term of supervised release on October 31, 2019, he has maintained employment, started an online business, enrolled in Grand Rapids Community College, and complied with all conditions of his supervised release.

Section 3583(e) of Title 18 of the United States Code provides for modification and termination of a term of supervised release. After considering statutory factors in § 3553(a), a court may terminate a term of supervised release after one year of supervised release if the court finds that early termination "is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1).  "Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances – such as exceptionally good behavior." *United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002). But, "mere compliance with the conditions of release is not enough to merit early termination of supervised release because '[m]odel prison conduct and full compliance with the terms of

supervised release is what is expected of a person under the magnifying glass of supervised release.'" *United States v. Mathis-Gardner*, 110 F. Supp. 3d 91, 93-94 (D.D.C. 2015) (quoting *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)).

Peoples is eligible for an early termination of supervised release because he has served approximately 15 months. As the government noted, Peoples has behaved in an exemplary manner thus far. The Court commends Peoples on his accomplishments and encourages him to continue his life as a law abiding, productive citizen. However, adherence to the rules and requirements of supervised release are expected of all those subject to supervised release. Further, Peoples has not yet served half of his four-year supervision term. The Court agrees with the government that supervision appears to be working and it is too early to terminate supervision at this time. Peoples can file another request for termination in the future.

**Accordingly, IT IS HEREBY ORDERED** that Peoples' request for an early termination of supervised release (ECF No. 154) is **denied**.

Dated: February 26, 2021                                             /s/ Gordon J. Quist
                                                                                    GORDON J. QUIST
                                                                         UNITED STATES DISTRICT JUDGE